O

JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELLY RANDLE; FRED MITCHELL, | Case No. ED CV 14-02280 DDP (SPx) |
| Plaintiff, | |
| v. | **ORDER RE: DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS** |
| LNV CORPORATION; ALL PERSONS UNKNOWN CLAIMING ANY LEGAL OR EQUITABLE RIGHT, TITLE, ESTATE, LIEN OR INTEREST IN THE PROPERTY DESCRIBED IN THE COMPLAINT ADVERSE TO PLAINTIFF'S TITLE, OR ANY CLOUD ON PLAINTIFF', | |
| Defendants. | |

   This is not the first suit Plaintiffs have filed to challenge the foreclosure on property located at 1579 Cedarspring Drive in Hemet, California or Defendant's subsequent efforts to take possession of the property. One such effort in this court, <u>Kelly L. Randle v. Beal Bank USA</u>, No. ED CV-13-00763 DDP, was dismissed when Plaintiffs failed to oppose a Motion to Dismiss.[1]

---

[1] Other, similar suits named the Kelly Lynn Randle Family Trust as Plaintiff. (RJN Exs. K, L.)

(Defendant's Request for Judicial Notice ("RJN") Exs. N, O). Plaintiffs also removed unlawful detainer cases to this court eight times. See No. EDCV 14-0631 JGB, Dkt. 19 ("Vexatious Litigant Order"). Each time, this court remanded to state court. (Id. at 2-3, 5.) Judgment was ultimately entered in Defendant's favor in state court, and Defendant was awarded possession of the property. (RJN Ex. H).

The instant suit was filed in state court prior to resolution of the unlawful detainer action. Defendant LNV Corporation later removed to this court. Presently before the court is Defendant LNV Corporation's Motion for Judgment on the Pleadings in the instant case. (Dkt. 78). As an initial matter, the court notes that Defendant is correct that this court has declared Plaintiffs to be vexatious litigants, and has entered a Pre-Filing Order against them. (Vexatious Litigant Order at 10.) Nevertheless, Defendant's contention that Plaintiffs' First Amended Complaint is subject to the Pre-Filing Order's screening provisions is misplaced. The Pre-Filing Order requires Plaintiffs to obtain leave of the court prior to filing any complaint or notice of removal related to the foreclosure or unlawful detainer efforts. (Id. at 10.) Here, however, Plaintiffs did not file a Complaint or Notice of Removal in this court. Plaintiffs filed their Complaint and First Amended Complaint in state court. It was Defendant's, not Plaintiffs', choice to remove to this court.[2]

---

[2] There is no indication in the documents presented whether the state court has declared Plaintiffs to be vexatious litigants.

2

In any event, Defendant now moves for judgment on the pleadings under Rule 12(c). Defendant contends that, among other arguments, Plaintiffs' claims are barred as res judicata or by collateral estoppel. Plaintiffs' opposition to the motion appears to be contained within a document titled "Ex Parte Application to Strike Defendants' Answer to the FAC and to Deny Defendants' Motion for Judgment on the Pleadings." (Dkt. 98.) That document, however, is essentially non-responsive to Defendant's motion. The only argument presented in Plaintiffs' opposition is that Defendant's Answer should be stricken and the instant motion denied because Defendant claimed at one point that it had not been served with a Summons and Complaint or First Amended Complaint. (Dkt. 98 at 1-2.) Plaintiffs argue, therefore, that Defendant "is incapable as a matter of law from filing" a motion or answer. (Id. at 1-2.)

Plaintiffs do not cite, nor is the court aware of, any authority for Plaintiffs' argument. Given Plaintiffs' failure to even address the arguments raised in Defendant's motion, the court GRANTS the motion. See C.D. Cal. L.R. 7-9; Wyatt v. Liljenquist, 96 F.Supp.2d 1062, 1065 (C.D. Cal. 2000).

For these reasons, Plaintiff's First Amended Complaint is DISMISSED. Defendant's Ex Parte Application to Expunge Lis Pendens recorded against real property located at 1579 Cedarspring Drive, Hemet, California 92545 is GRANTED. (Dkt. 111). Defendant's request for fees and costs is DENIED. All other pending motions and applications are DENIED.

IT IS SO ORDERED.

Dated: June 15, 2015

DEAN D. PREGERSON
United States District Judge

3